# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BOSTICK, CDCR #AI-3167<br><br>Plaintiff,<br><br>vs.<br><br>SANDI SAUNDERS; CAROL S. BATTAGLIA; BETTZAN MAR; JOHN CHIANG; and CALIFORNIA VICTIMS COMPENSATION AND GOVERNMENT CLAIMS BOARD,<br><br>Defendants. | Civil No.    13-CV-344 JLS (JLB)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

On February 12, 2013, Plaintiff John Lamar Bostick ("Plaintiff")—a state inmate currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se—filed a civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff concurrently filed a Motion to Proceed *in Forma Pauperis* ("IFP") (ECF No. 2) and a Motion for Appointment of Counsel (ECF No. 3). On July 24, 2013, this Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motion for Appointment of Counsel, and dismissed Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 7.) The Court granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in

the Court's Order. (*Id.* at 6–7.) Subsequently, on September 13, 2013, Plaintiff filed his First Amended Complaint ("FAC"). Once again, the Court conducted the required *sua sponte* screening and found that Plaintiff's FAC failed to state a claim upon which relief could be granted. (ECF No. 10.) Having received leave of the Court, on February 24, 2014, Plaintiff filed his Second Amended Complaint ("SAC").

## LEGAL STANDARD

Notwithstanding IFP status or the partial payment of any filing fee, the Court must screen every civil action commenced pursuant to 28 U.S.C. § 1915(a) and *sua sponte* dismiss any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). This should occur before the court directs the U.S. Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that *sua sponte* screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). In addition, the Court has a duty to liberally construe a pro se litigant's pleadings, "particularly in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially

pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## ANALYSIS

Plaintiff's SAC challenges the garnishment of an inheritance he received while incarcerated that was applied to a restitution fine. (*See* SAC 3–4, ECF No. 14.) Plaintiff claims that no such restitution fine exists, and that employees of the California Victims Compensation and Government Claims Board ("the VCGCB") obtained this lien through the probate division of San Diego Superior Court by making allegedly false statements. (*Id.*) In light of these allegations, the Court finds that Plaintiff cannot state a viable § 1983 claim.

The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Review of state court decisions may only be conducted in the U.S. Supreme Court. *Feldman*, 460 U.S. at 476, 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257.

A complaint challenges a state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's decision. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 891–92 (9th Cir. 1986).

The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16, 486; *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar applies if the challenge to

the state court decision is brought as a § 1983 civil rights action alleging violations of the Due Process and Equal Protection Clauses. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God*, 805 F.2d at 893 n.4.

Plaintiff seeks this Court's assistance in overturning orders made by a San Diego Superior Court Judge. Thus, his claims are inextricably intertwined with the state court proceedings and are barred by the *Rooker-Feldman* doctrine. Accordingly, the Court must dismiss Plaintiff's SAC.

## CONCLUSION

In light of the foregoing, the Court **DISMISSES** Plaintiff's SAC for failure to state a claim upon which relief can be granted. Because the Court finds that further amendment would be futile, the Court **DENIES** leave to amend. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (holding that denial of leave to amend is not an abuse of discretion where further amendment would be futile); *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (reasoning that the Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted, but has failed, to amend his complaint).

The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

DATED: May 13, 2014

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge